## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUAN PERAITA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-1197-WEB |
| ) | |
| DON HATTAN CHEVROLET, INC., ) | |
| ) | |
| Defendant. ) | |
| ————————————————————) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to compel the production of documents and for sanctions. (Doc. 65). For the reasons set forth below, the motion shall be GRANTED IN PART and DENIED IN PART.

### Background

Highly summarized, plaintiff alleges that he was promoted by defendant from the rank of salesman in 1993 to new car sales manager in 2002. Also in 2002, defendant hired Mike Lewis as its general manager and plaintiff's supervisor. Beginning in late December 2002 and continuing into January 2003, plaintiff claims that Lewis touched him inappropriately and made lewd sexual comments toward him. Shortly after rejecting Lewis's sexual overtures and unwelcome physical touching, plaintiff was terminated on February 6, 2003. Plaintiff contends that his termination was the result of sexual harassment and retaliation.

Defendant contends that plaintiff was repeatedly warned about poor performance by the new car sales department *before* December 2002 and that plaintiff was terminated for  "poor performance and lack of sales."  Plaintiff counters that defendant's reasons for his termination are merely a pretext for sexual harassment and retaliation.

## Motion to Compel

Plaintiff moves to compel "further" production of the documents requested in his "Second Request for Production, Request No. 10."  Production Request 10 asked for "financial papers" from defendant for the following subjects and time periods:

1. Yearly financial papers for 2000-2004;

2. Monthly financial papers for 2000-2004;

3. "Twenty Group Composite" reports for 2000-2004;

4. Yearly "Forecast Papers" for 2000-2004;

5. Monthly "Forecast Papers" for 2002-2003; and

6. Weekly "Forecast Papers" for 2002-2003.

Defendant responded by producing heavily redacted financial statements which show the number of units sold by plaintiff during the relevant time period and heavily redacted pages from a "Twenty Group Composites" report.[1]   Defendant argues that plaintiff's motion to

---

[1]  Defendant subscribes to a data compilation service that creates the "Twenty Group Composite" report.  The report is a compilation of data from defendant and 19 other dealerships of similar size and market and provides defendant with a method for evaluating its sales performance.

compel should be denied because the remaining requested documents (1) lack relevance, (2) contain proprietary trade information, or (3) do not exist.  Plaintiff counters that the requested documents are relevant and that defendant should be sanctioned for the destruction of evidence. The parties' arguments are discussed in greater detail below.

### Relevance

Defendant argues that "relevant" discovery is limited to Jill Hattan's stated reasons for terminating plaintiff:  (1) the drop in the number of new cars sold and (2) the negative net-profit-per-unit sold.[2]  The court disagrees with defendant's narrow interpretation of the scope of relevant discovery.[3]  In the context of discovery, relevance is broadly defined  and includes discovery "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Moreover, defendant's restrictive interpretation would foreclose plaintiff from discovering evidence that defendant's reason for termination was a pretext for discrimination or retaliation.

For example, without access to additional accounting information, plaintiff is unable

---

[2]

Defendant's general manager, Jill Hattan, is the individual who terminated plaintiff.

[3]

A significant portion of defendant's response brief is devoted to arguments concerning the merits of its defense, e.g., that plaintiff was terminated for a legitimate, non-discriminatory reason.  However, the arguments concerning the merits of the case are largely misguided because they depend on defendant's version of the facts.  The motion before the court is a discovery matter and the issue is whether plaintiff is entitled to discover information supporting *his* version of the facts.

to determine whether the negative net-profit-per-unit number was caused by events beyond plaintiff's control, such as a one-time charge-off or an increase in the fixed overhead expense attributed to the new car sales department.  Evidence that the negative profit figure was caused by defendant's accounting methods rather than plaintiff's sales performance would support the inference that the reasons given for termination were merely pretextual.

Similarly, the discovery of defendant's "Forecasts" and/or sales goals would be relevant because the information would show defendant's sales expectations during the relevant time period and whether plaintiff met those sales goals.[4]  Evidence that plaintiff met defendant's sales projections raises the inference that defendant's stated reasons for termination were pretextual.

Based on its review of the exhibits, the court has no inclination of what the requested information will ultimately show and expresses no opinion concerning the merits of this lawsuit.  However, the preceding examples illustrate the reasons for rejecting defendant's argument that financial information beyond the stated reasons for termination lack relevance.

### Trade Secrets and Proprietary Information

In an argument closely related to relevance, defendant also argues that plaintiff has no need for the information concerning departments over which plaintiff had no supervision and that disclosure of such information would be competitively harmful to defendant.  However,

---

[4]

The existence of low sales forecasts might indicate a depressed local economy during the relevant time period.

as discussed above, it is nearly impossible to evaluate defendant's accounting for expenses and income without reviewing defendant's unredacted financial statements and Twenty Group reports.  In addition, the court is not persuaded that information concerning the profit margin on a particular model for the year 2003 or 2004 is competitively harmful because of the passage of time.  Moreover, defendant shared this information with a data compilation service and other dealerships.  Under the circumstances, defendant's objection to producing documents based on claims of a trade secret or proprietary information is rejected.  However, the court will enter a protective order restricting disclosure of the information **to defense counsel only** at this time.[5]

## The Existence of Certain Documents

In its response brief, defendant argues that "Don Hattan Chevrolet does not keep, and does not have the 'Forecast Papers' of the sales personnel."  Defendant also explains that it does not keep the "City Sales Report" requested by plaintiff.  Plaintiff complains that defendant's response brief is the first indication that such documents do not exist and, based on this belated explanation, the court should "assume that the documentation was destroyed in bad faith."

A party's explanation *for the first time* in its response brief that certain documents do

---

[5]
Defendant is concerned that plaintiff may seek employment with other dealerships in the Wichita area and might misuse the information to gain a competitive advantage. Plaintiff's current employment status is not well defined in the briefs, so the protective order will limit disclosure pending further order by the court.

not exist is troubling since such information should have been disclosed during the parties'
good faith discussions to resolve the discovery dispute.   See Fed. R. Civ. P. 37(a)(2) and D.
Kan. R. 37.2 (duty to confer).[6]   However, the court is not persuaded that the belated disclosure,
standing alone, warrants a finding that the Forecasts were destroyed in bad faith.   In reaching
this conclusion the court notes that during discovery the parties were temporarily
"sidetracked" by issues related to *plaintiff's* possession of defendant's financial documents.[7]
The more reasonable explanation concerning the existence of the Forecasts is that the parties
overlooked this issue rather than that the evidence was intentionally destroyed.[8]   Equally
important, plaintiff is quick to clarify that his criticisms are not directed toward defense
counsel and plaintiff has no reason to believe that opposing counsel engaged in any impropriety
or misconduct.   Under the circumstances, the belated explanation that defendant does not have
the requested "Forecasts" or "City Sales Report" does not warrant a finding that evidence was
destroyed in bad faith.

---

[6]

  The court heard oral argument on the motion to compel on October 5, 2005.
Although defense counsel asserts that plaintiff had previously been advised that the
"Forecast" documents did not exist, plaintiff disputes this representation.  The specifics of
how and when the "earlier" explanation occurred were not clarified by defendant during oral
argument.

[7]

  Counsel for both parties were surprised to learn that during his employment plaintiff
had taken copies of defendant's financial documents and reports and kept them in his
basement after his termination.

[8]

  Significantly, *neither* party mentioned the Forecasts in correspondence discussing
plaintiff's production requests.  Rather, the parties focused on the redacted portions of
produced documents and plaintiff's return of defendant's financial records.

**Summary**

In summary, the court rejects defendant's objections based on relevance and trade secret. Accordingly, defendant shall produce its financial records in an unredacted form. Additionally, defendant shall produce the Twenty Group Composite reports in an unredacted format. Because the Forecasts and City Sales Report apparently do not exist, that portion of the motion to compel shall be denied. The court is not persuaded that sanctions are warranted in this case.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel and for sanctions **(Doc. 65)** is **GRANTED IN PART** and **DENIED IN PART**, consistent with the above rulings. Defendant shall produce the documents set forth in this opinion on or before **October 28, 2005**.

**IT IS FURTHER ORDERED** that the financial information ordered produced may only be reviewed by plaintiff's counsel pending further order of the court.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 14th day of October 2005.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge