IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JUAN PERAITA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1197-WEB |
| | ) | |
| DON HATTAN CHEVROLET, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Memorandum and Order**

This matter is before the court on the defendant's motion for review of an order by Magistrate

Judge Karen M. Humphreys granting in part plaintiff's motion to compel production of certain documents.

*See* Doc. 89 (Memorandum and Order of Oct. 14, 2005).

   I. *Background*.

Plaintiff's motion to compel seeks the discovery of various documents, including: defendant's

financial records for the years 2000-2004; the "Twenty Group Composite" reports[1] for 2000-2004; and

defendant's yearly "Forecast Papers" for 2000-2004 and monthly and weekly "Forecast Papers" for

2002-2003.

---

[1] Don Hattan Chevrolet, Inc. subscribes to a data compilation service that creates the Twenty Group Composite reports in order to compare the performance of Don Hattan Chevrolet with other dealerships of similar size and similar market and to track the performance of the dealership and evaluate their sales numbers. The information in the Twenty Group report is taken from the Don Hattan Chevrolet, Inc. financial statements and provides information on many areas of dealership performance. Doc. 93 at p. 4.

After noting defendant's assertion that it terminated plaintiff's employment because of low new car sales as shown by negative net profit and reduced volume figures contained in the Twenty Group Composite report, Judge Humphreys concluded that the documents sought by plaintiff were potentially relevant because they might show that defendant's stated reason for the decision was pretextual.  For example, the Magistrate noted that a negative net profit figure could potentially be the product of a one-time accounting charge or an increase in overhead expenses, such that a negative figure would not necessarily reflect poor performance by the new car sales department.  Similarly, she said, the defendant's forecasts or sales goals could conceivably show that the plaintiff's performance actually met or exceeded the defendant's stated expectations, contrary to defendant's assertion that plaintiff's performance was poor. The Magistrate thus concluded the information sought by plaintiff met the broad definition of relevance under Fed.R.Civ.P. 26(b)(1).  At the same time, the Magistrate rejected defendant's claim that these documents should not be discoverable because they contained trade secrets or other proprietary information.  The Magistrate observed that it would be nearly impossible to evaluate defendant's accounting figures without reviewing defendant's unredacted financial and Twenty Group reports, and further concluded defendant had made no showing of undue prejudice from disclosure of the information.

II.  *Defendant's Arguments*.

Defendant's motion for review argues that the Magistrate's order was erroneous or contrary to law because financial documents which are unrelated to new car sales are not relevant to plaintiff's claim.  It argues that the dealership's financial statements include the division of profitability between its various departments, and it argues that records concerning the performance of other departments is not germane to a claim that concerns only the new car sales department.  Defendant further argues that this information

represents protected trade secrets or potential trade secrets.  It argues that disclosure of profitability figures on particular models of cars and of the dealership in general will put the defendant at a competitive disadvantage.  Lastly, defendant argues that plaintiff has the only relevant financial statement (for the year 2002) in his possession and his request for production of other years is irrelevant.

III.  *Discussion*.

When reviewing a Magistrate Judge's orders relating to non-dispositive pretrial matters, this court applies a deferential standard under which the moving party must show that the Magistrate Judge's order is "clearly erroneous or contrary to law." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir.1997).  The clearly erroneous standard requires this court to affirm the ruling unless on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed.  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

Under the foregoing standard the court has no difficulty affirming the Magistrate's ruling.  Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).  Relevancy is thus broadly construed.  For purposes of discovery, relevance encompasses "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

The Magistrate correctly observed that the materials sought by plaintiff could potentially have some relevance to the credibility of defendant's explanation as to why it terminated plaintiff.  For example, the

3

defendant's financial statements could show that the negative net profit figure cited by Ms. Hattan in terminating plaintiff was a product of some extraordinary expense factor unrelated to the performance of the new car sales department.   Of course, the records might show precisely the opposite, but that can only be determined through disclosure of the documents.  Plaintiff has met his burden of showing relevance at this stage.  The documents sought are sufficiently related in time and scope to potential issues in the litigation.  The court likewise rejects defendant's argument that the material sought should be shielded because it contains trade secrets.  A party opposing the disclosure of information on grounds of trade secret must establish that disclosure of the information would be harmful.  *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 690 (D. Kan. 2004).  As the Magistrate noted, much of the information in question is shared with a data compilation service and other dealerships.  No credible showing is made that disclosure of the information would be harmful, particularly in view of the fact that the Magistrate Judge entered a protective order restricting disclosure of the information at this time to plaintiff's counsel.

IV.  *Conclusion*.

Defendant's Motion for Review of Magistrate's Order (Doc. 92) is GRANTED; however the court determines that the Order is not clearly erroneous or contrary to law.  Accordingly, the Magistrate Judge's Order granting in part plaintiff's motion to compel is AFFIRMED.  Defendant's Motion to Stay the Magistrate's Order (Doc. 90) is DENIED as moot.

IT IS SO ORDERED this __20th__ Day of December, 2005, at Wichita, Ks.

s/ Wesley E. Brown
_____
Wesley E. Brown
U.S. Senior District Judge